Timothy CARENDER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–04–00644–CR, 05–04–00645–CR.

Court of Appeals of Texas, Dallas.

Feb. 15, 2005.

**930**

Pamela McGraw, Sherman, for appellant.

Robert T. Jarvis, County Atty., Joseph D. Brown, Grayson County Attorney, Kerye Ashmore, Sherman, for State.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice FRANCIS.

■ Appellant pleaded guilty to charges of engaging in organized criminal activity (forgery) and possession of methamphetamine in an amount of one gram or more but less than four grams, both third-degree felonies. *See* TEX. PEN.CODE ANN. §§ 32.21(d), 71.02(a)(1), (b) (Vernon Supp. 2004–05); TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(c) (Vernon 2003 & Supp.2004–05). Appellant also pleaded true to one enhancement paragraph. After hearing punishment evidence, the trial judge sentenced appellant to twenty years in prison in each case.

In three issues, appellant argues (1) his pleas were not the result of an agreement to punishment such that he is subject to the requirements of Texas Rule of Appellate Procedure 25.2 and (2) his pleas were involuntary. We conclude appellant's plea agreements do fall within the purview of rule 25.2. We further conclude we do not have the power to address appellant's complaints regarding voluntariness of his pleas. Accordingly, we dismiss those issues regarding voluntariness and affirm the trial court's judgments.

In each of these cases, the State alleged (either in the indictment or by written notice of intent to enhance punishment) that appellant had two prior consecutive felony convictions, which increased the range of punishment to twenty-five to ninety-nine years or life in prison. *See* TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2004–05). In exchange for appellant's pleas of guilty, the State agreed to withdraw one of those allegations, which reduced the punishment range to two to twenty years in prison. *See id.* at 12.42(a)(3).

In his first issue, appellant asserts this agreement goes solely to the nature of the charge and not to punishment. We must decide whether the plea agreement is one in which the prosecutor "recommended" and appellant agreed to "punishment" such that appellant is subjected to the requirements of Texas Rule of Appellate Procedure 25.2(a)(2). We conclude it is.

■ There are two basic kinds of plea bargains that affect punishment: (1) sentence bargaining and (2) charge bargaining. *Shankle v. State,* 119 S.W.3d 808, 813 (Tex.Crim.App.2003). Sentence bargaining may be for binding or nonbinding rec-

ommendations to the court on sentences, including a recommended "cap" on sentences and a recommendation for deferred adjudication community supervision. *Id.* Charge bargaining involves questions of whether the defendant will plead guilty to the offense that has been alleged or a lesser or related offense and whether the prosecutor will dismiss or refrain from bringing other charges. *Id.* Both sentence bargaining and charge bargaining affect punishment. *Id.*

Here, the State and appellant agreed the State would withdraw a punishment enhancement allegation, which in effect reduced appellant's range of punishment to that of a second-degree felony. Without the agreement, appellant faced a *minimum* twenty-five-year sentence, five years greater than the *maximum* sentence that could be imposed under the plea bargain agreements. Under these circumstances, we conclude the plea bargain agreements in these cases effectively put a "cap" on punishment. Because appellant pleaded guilty and the "punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," we conclude appellant was bound by the requirements of rule 25.2. Appellant's first issue is without merit.

Having reached this conclusion, we must next determine whether this Court has authority to consider appellant's complaints regarding voluntariness of his pleas. Rule 25.2 governs the perfection of appeals in criminal cases and requires that the trial court certify an appellant's right to appeal. Tex.R.App. P. 25.2(a)(2). Pursuant to rule 25.2, appellants in plea bargain cases are limited to appealing pretrial rulings on written motion unless the trial court grants permission to appeal. *Id.* In each of appellant's cases, the trial court certified that "the appeal is not a plea-bargain case, and the defendant has the right of appeal." Irrespective of the trial court's assertion, rule 25.2 requirements recited in a certification must be true and supported by the record. *See Dears v. State,* 154 S.W.3d 610, 613 (Tex.Crim.App. 2005) (certification not supported by record is defective); *Ajagbe v. State,* 132 S.W.3d 491, 491 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd).

■ Here, appellant is not appealing a pretrial ruling nor does he have the trial judge's permission to appeal. In two issues, he argues his pleas were involuntary for one of three alternative reasons: (1) the State breached the agreements when the prosecutor urged the trial court to consider the allegations that the State withdrew for enhancement purposes; (2) the pleas were conditioned by a term that could not be fulfilled "because the prosecutor lacked the power to deprive the court of the right to consider" allegations contained in the second enhancement provision; and (3) there is no consensus of what constituted the terms of the agreements between appellant, the State, and the court. Because appellant did not obtain the trial court's permission to appeal the voluntariness of his pleas, we do not have the power to address his complaints. *See Cooper v. State,* 45 S.W.3d 77, 83 (Tex. Crim.App.2001) (holding former rule 25.2(b)(3) did not permit plea-bargaining defendant to appeal voluntariness of plea); *Bayless v. State,* 91 S.W.3d 801, 803 n. 2 (Tex.Crim.App.2002) (explaining that timely notice of appeal invokes court's jurisdiction, but court may nonetheless be without "power" to address merits of complaint). We therefore dismiss his second and third issues.

We affirm the trial court's judgments.