Opinion issued August 4, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00099-CR

———————————

Tymeshia Randle, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 230th District Court 

Harris County, Texas



Trial Court Case No. 1231243

 



 

MEMORANDUM OPINION

          Tymeshia
Randle was charged with the offense of theft of property worth less than
$1,500.  See Tex. Penal Code Ann.
§ 31.03 (West Supp. 2010).  The
indictment alleged that Randle previously had been convicted of two other
misdemeanor theft offenses and two felony offenses.  Randle pleaded guilty without an agreed
recommendation.  However, as part of the
plea agreement, the State abandoned the enhancement allegations pertaining to
the two prior felony offenses.

          This
appeal was abated for clarification of the trial court’s certification of
Randle’s right to appeal, which appeared to indicate both that Randle had
waived her right to appeal and that this was a plea-bargain case.  On remand, the trial court held a hearing and
found that Randle had entered into a plea bargain with the State, pleading
guilty in exchange for the State’s abandonment of the enhancement allegations.  The trial court specifically found that the
certification of Randle’s right to appeal was intended to indicate that she has
no right to appeal because of this plea bargain. 

Charge
bargains.  A plea bargain case is one in
which “a defendant’s plea was guilty or nolo contendere and the punishment did
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant.”  Tex. R. App. P. 25.2(a)(2). 
There are two basic kinds of plea bargains that affect punishment: sentence
bargaining and charge bargaining.  Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003); Carender v. State,
155 S.W.3d 929, 930 (Tex. App.—Dallas 2005, no pet.).

Sentence bargaining may be for binding or
nonbinding recommendations to the court on sentences, including a recommended
“cap” on sentences and a recommendation for deferred adjudication community
supervision.  Charge bargaining involves
questions of whether the defendant will plead guilty to the offense that has
been alleged or a lesser or related offense and whether the prosecutor will
dismiss or refrain from bringing other charges.  Both sentence bargaining and charge bargaining
affect punishment.

Carender, 155
S.W.3d at 930–31.  In Carender, the court of appeals held that
the prosecutor’s agreement to abandon an enhancement paragraph in exchange for
the defendant’s guilty plea was a plea bargain because the habitual offender
statute would have provided for longer prison terms and abandoning the
enhancement effectively placed a cap on the sentence the defendant could
receive.  Id. at 931.

Punishment
and the habitual offender statute. 
Theft of property less than $1,500 is a state jail felony if the
defendant previously has been convicted two or more times of any grade of
theft.  Tex.
Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2010).  A state jail felony is punishable by
confinement in state jail for not less than 180 days or more than two
years.  Id. § 12.35(a) (West Supp. 2010). 
The habitual offender statute provides, however:

If
it is shown on the trial of a state jail felony punishable under Section
12.35(a) that the defendant has previously been finally convicted of two state
jail felonies, on conviction the defendant shall be punished for a third-degree
felony.  If it is shown on the trial of a
state jail felony punishable under Section 12.35(a) that the defendant has
previously been finally convicted of two felonies, and the second previous
felony conviction is for an offense that occurred subsequent to the first
previous conviction having become final, on conviction the defendant shall be
punished for a second-degree felony.  

 

Id. §
12.42(a)(1), (2) (West Supp. 2010).  A
second degree felony is punishable by imprisonment for not more than 20 years
or less than two years.  Id. § 12.33(a) (West Supp. 2010).  A third degree felony is punishable by
imprisonment for not more than 10 years or less than two years.  Id.
§ 12.34(a) (West Supp. 2010).  

          Analysis.  Without the plea agreement, Randle could have
faced punishment of up to 10 or 20 years in prison, depending upon the fact
finder’s determination of the enhancement allegations.  See id.
§§ 12.33(a), 12.34(a).  By
abandoning the felony enhancement paragraphs, the State effectively capped
Randle’s potential sentence at two years, the maximum punishment for a state
jail felony.  See id. § 12.35(a). 
Randle pleaded guilty, and the trial court sentenced Randle to nine
months in state jail.  See id. 
We conclude that this was a plea bargain and that the record supports
the trial court’s certification that Randle has no right to appeal.  Dears v. State, 154 S.W.3d 610, 614–15
(Tex. Crim. App. 2005).  We must dismiss
an appeal if the trial court’s certification shows there is no right to
appeal.  See Tex. R. App. P. 25.2(d).

CONCLUSION

Accordingly,
we reinstate this case on the Court’s active docket, and we dismiss the appeal
for lack of jurisdiction.

We dismiss any pending motions as moot.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do not
publish.   Tex. R. App. P. 47.2(b).