

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00583-CR

JOSHUA R. KING                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1332126R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joshua R. King attempts to appeal his third-degree-felony conviction for continuous violence against a member of his family or household.[2] We dismiss the appeal.

---

[1] See Tex. R. App. P. 47.4.

[2] See Tex. Penal Code Ann. § 25.11(a), (e) (West 2011).

The trial court's amended certification of appellant's right to appeal, which was filed in that court on December 3, 2013, stated that he had entered an open guilty plea and could appeal his sentence. On April 22, 2014, we abated this appeal for the entry of another certification. We explained that appellant had entered a plea bargain for purposes of rule of appellate procedure 25.2(a)(2) because the record established that he had pled guilty in exchange for the State's waiving a sentence-enhancement allegation in the indictment. *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *Carender v. State*, 155 S.W.3d 929, 930–31 (Tex. App.—Dallas 2005, no pet.); *see also McKim v. State*, No. 02-12-00274-CR, 2012 WL 4121157, at *1 (Tex. App.—Fort Worth Sept. 20, 2012, no pet.) (mem. op., not designated for publication). We directed the trial court to file an amended certification stating that this is a plea-bargained case and indicating whether matters were raised by written motion filed and ruled on before trial or whether the trial court had granted permission to appeal. *See* Tex. R. App. P. 25.2(f).

We received another certification, which was filed in the trial court on May 2, 2014. The May 2 certification states that this is a plea-bargain case and that appellant "has NO right of appeal."

On May 15, 2014, we notified appellant through a letter[3] about the contents of the trial court's May 2 certification and informed him that this appeal

---

[3]We sent the letter to appellant through certified mail to his address on file with this court. On May 22, 2014, we received a return receipt establishing the

would be dismissed pursuant to the certification unless, by May 30, 2014, he filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Appellant has not filed any response. Thus, in accordance with the trial court's May 2 certification stating that appellant does not have a right of appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Zuniga v. State*, No. 02-14-00027-CR, 2014 WL 982356, at *1 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.) (mem. op., not designated for publication).

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 17, 2014

---

delivery of our letter on May 19, 2014. In the letter, we noted that the trial court's May 2 certification had not been signed by appellant. Later, we received a supplemental clerk's record that contained the May 2 certification along with appellant's signature on it.