

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00219-CR

JAMES EULDY SERRELL, III                                            APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1415264D

----------

## MEMORANDUM OPINION[1]

----------

Appellant James Euldy Serrell, III attempts to appeal from his conviction for aggravated robbery. We dismiss the appeal.

On September 22, 2016, we abated this appeal. In our abatement order, we explained that the trial court's original certification of appellant's right to appeal was incorrect because it stated that he had not entered into a plea

---

[1]See Tex. R. App. P. 47.4.

bargain. We further explained that appellant had entered into a plea bargain because in exchange for his guilty plea, the State waived one of the two prior convictions alleged in the indictment.[2] We instructed the trial court to file an amended certification showing that this was a plea-bargained case and indicating whether any matters had been raised by written motion filed and ruled on before trial or whether the trial court had given permission to appeal.

In response to our abatement order, the trial court signed an amended certification stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Appellant and his counsel also signed the amended certification.

On October 12, 2016, we sent appellant a letter in which we mentioned the contents of the trial court's amended certification and informed him that unless he filed a response showing grounds for continuing the appeal, it could be dismissed. *See* Tex. R. App. P. 44.3. He has not responded to our letter.

---

[2]Because the State waived the allegation of one prior conviction, it proceeded on a repeat offender allegation instead of a habitual offender allegation, so appellant faced a punishment range of fifteen years' confinement to life instead of twenty-five years' confinement to life. *See* Tex. Penal Code Ann. § 12.42(c)(1), (d) (West Supp. 2016).

Appellant's guilty plea in exchange for the waiver of the enhancement allegation qualifies as a plea bargain under rule of appellate procedure 25.2. *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.); *see also Johns v. State*, No. 02-14-00233-CR, 2015 WL 1868822, at *1 n.3 (Tex. App.—Fort Worth Apr. 23, 2015, pet. ref'd) (mem. op., not designated for publication). Indeed, the trial court's judgment states that the term of the plea bargain was "OPEN PLEA TO COURT ON REPEAT OFFENDER, WAIVE ONE PRIOR."

An appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d). Under rule of appellate procedure 25.2, we must "dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Because the trial court has certified that appellant has no right of appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez*, 183 S.W.3d at 680; *Johns*, 2015 WL 1868822, at *1.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 10, 2016