**Order entered April 10, 2019**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-18-00608-CR
No. 05-18-00609-CR
No. 05-18-00610-CR

**BRANDON RASHAD BURTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-00846-U, F17-55788-U & F17-1651151-U**

## ORDER

These appeals have been set for submission on May 28, 2019. The State's brief, initially due on March 2, 2019, was due on April 1, 2019.

On March 12, 2019, the State had filed an unopposed motion to abate these appeals. This motion asked us to abate the appeals and return them to the trial court for an explicit finding on whether appellant had the trial court's permission to appeal. Because of the ambiguity in the records, we granted the State's motion in part and ordered the trial court to conduct a hearing to determine, among other things, whether appellant pleaded guilty pursuant to plea bargain agreements; whether appellant waived his right to appeal as part of the agreements; and whether

1

appellant was sentenced in accordance with the plea bargain agreements. We have now received the trial court's findings of fact.

In cause numbers 05-18-00608-CR (F17-00846-U) and 05-18-00609-CR (F17-55788-U), we **ADOPT** the trial court's findings that appellant pleaded guilty pursuant to a plea bargain agreement, which included an agreement to cap the punishment; appellant did not waive his right to appeal as part of the plea agreements in these cases; the trial court sentenced appellant in accordance with the plea bargain agreements, imposing a six-month sentence in cause F17-00846-U and a sentence of five years in F17-55788-U; and, further, despite the plea bargain agreements, the trial court granted appellant permission to appeal the convictions in F17-00846-U and F17-55788-U. In addition, the supplemental clerk's records we have received in F17-00846-U and F17-55788-U contain the trial court's findings and its amended certifications giving appellant permission to appeal in each case.

In cause number 05-18-00610-CR (F16-51151-U), we **ADOPT** the trial court's findings that appellant negotiated two distinct plea agreements with the State in this case, an agreement to plead guilty and an agreement to plead true; appellant agreed to plead guilty in exchange for the State recommending he be placed on deferred-adjudication community supervision for three years; when the State moved to adjudicate him guilty, the parties reached a second agreement that included an agreement to cap his punishment, and in exchange for appellant's plea of true to the allegations in the State's motion to adjudicate, the State agreed to recommend a maximum punishment of six years' confinement; appellant agreed to waive his right to appeal as a part of the first plea agreement, the agreement to plead guilty, but he did not waive his right to appeal as part of the second plea agreement, the agreement to plead true; upon adjudication, the intention of both parties and the trial court was that appellant would retain his right to appeal his

adjudication; the trial court followed both plea agreements, initially placing appellant on deferred adjudication as recommended by the State under the first plea agreement, and upon adjudication, the trial court sentenced appellant in accordance with the second plea agreement, imposing a sentence of five years' incarceration and ordering the sentence run concurrently with the two other cases, as provided in the plea paperwork; and, finally, despite the plea bargain agreements and the appellate waiver, the trial court granted appellant permission to appeal in that case. The supplemental clerk's record we have received in F16-51151-U includes the trial court's findings of fact.

In light of the above, appellant has the right to appeal in all three cases. *See* TEX. R. APP. P. 25.2(a)(2) (in a plea-bargained case a defendant may appeal only those matters raised by written motion filed and ruled on before trial, or after getting court's permission to appeal); *Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006) (after adjudication of guilt, a defendant's appeal is restricted only by article 42.12 § 5(b), which prevents him from appealing the trial court's decision to adjudicate guilt in the first place); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.) (agreement to plead guilty in exchange for State's recommended "cap" on sentencing is a plea bargain under rule 25.2(a)(2)); *Radford v. State*, No. 05-18-00764-CR, 2018 WL 6616896, at *1 (Tex. App.—Dallas Dec. 18, 2018, no pet.) (mem. op., not designated for publication) (rule governing plea-bargain appeals does not restrict a defendant's right to appeal in a plea-bargained case for deferred adjudication community supervision). All these cases will remain submitted on the docket for May 28, 2019.

We hereby **ORDER** the State to file its brief in the above cases, if any, within twenty-one (21) days from the date of this order.

The Court hereby **REINSTATES** these appeals and directs the Clerk of the Court to send

3

copies of this order to 291st Judicial District Court and counsel for all parties.


/s/     LANA MYERS
         JUSTICE

4