**DISMISS and Opinion Filed April 15, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00849-CR

**DOMINIQUE RASHAD FRAZIER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F18-70781-I**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Carlyle
Opinion by Chief Justice Burns

Dominique Rashad Frazier was indicted for a second family violence assault, a third-degree felony. The indictment also alleged two prior felony offenses to be used to enhance the available range of punishment, making the punishment range life or not more than 99 years or less than 25 years. Appellant entered into an "open" plea agreement with the State. The July 3, 2019 written plea agreement states (1) appellant will plead guilty to "Assault FV Enhanced," (2) "OPEN. CAP AT 10 TDC, strike 1st enhancement ¶," and (3) the punishment range is "not more than 20 years or less than 2 years confinement" with an optional fine not to exceed $10,000. The

agreement is signed by appellant, appellant's counsel, the State's attorney, and the trial court.

That same day, appellant appeared in open court, was admonished, and entered his guilty plea and plea of true to the second enhancement paragraph. The State reminded the trial court that punishment "has been capped at ten [years.]" After several witnesses testified, including appellant who acknowledged the ten-year cap, the trial court found appellant guilty, found the enhancement paragraph true, and sentenced him to ten years.  The following then occurred:

> Court: Your attorney there has there in front of you a copy of trial court certification of defendant's rights on appeal. You've gone over that document with him, correct? That's there in front of you, it has your signature on it.
>
> Appellant: (Nods head.)
>
> Court: Yes?
>
> Appellant: Yes, ma'am.
>
> Court: So you understand your rights as it relates to appealing this case?
>
> Appellant: Yes, ma'am.
>
> Court: Good luck to you, sir.

(COURT ADJOURNED).

The trial court's July 3, 2019 certification of appellant's right to appeal states the case is "not a plea-bargain case, and the defendant has the right of appeal." The State did not object to or otherwise challenge the trial court's statements or the

certification of appellant's right to appeal. Five days later, the trial court appointed counsel to represent appellant in this appeal.

In his February 5, 2020 brief, appellant concedes that by entering into a plea bargain, a defendant waives his right to appeal. He further acknowledges that the State's recommendation of a "cap" on punishment and abandonment of an enhancement allegation in exchange for appellant pleading guilty is a plea bargain agreement. Nevertheless, he argues his plea should be characterized as a "non-negotiated plea" because "the maximum sentencing exposure of 10 years' confinement was the same as it would have been if the State formally abandoned both enhancement counts." In his words, "the 10-year 'cap' was superfluous and gave no benefit" to appellant.

In response, the State filed a motion to dismiss, arguing that the trial court's certification is defective and contrary to the record. The State notes the plea agreement reflects appellant agreed to plead guilty and waive his right to appeal in exchange for the State abandoning the first enhancement paragraph and recommending a cap of 10 years. Because appellant agreed to waive his right to appeal, the State contends we lack jurisdiction to hear his direct appeal. After reviewing the record, we agree with the State.

Rule 25.2 provides:

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the

–3–

punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). If the State abandons an enhancement paragraph which would have increased the maximum punishment that the defendant could have received or agrees to a cap on punishment in exchange for a defendant's plea of guilty, the requirements of rule 25.2(a)(2) apply. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

Here, the plea agreement supports the State's argument that appellant waived his right to appeal. It recites that appellant will plead guilty to the 3rd degree felony enhanced offense of assault family violence and, although the punishment range is not more than 20 years or less than 2 years, the State agrees to drop the first enhancement paragraph and to cap punishment at ten years. The agreement includes, "If the punishment assessed does not exceed the agreement between [appellant] and the prosecutor, the Court must give its permission to you before you may appeal any matter in this case except for those matters raised by written motions prior to trial." The trial court followed the plea bargain agreement and sentenced appellant to 10 years in prison.

Although the trial court's certification states this is not a plea bargain case and appellant has the right to appeal, we conclude, based on the record, the certification is defective and should have indicated this was a plea-bargain case and appellant had no right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim App. 2005). Furthermore, the record shows no matters raised by written motion and ruled on before trial. Thus, appellant has no right to appeal under the rules. *See* TEX. R. APP. P. 25.2(a), (d).

We dismiss this appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190849F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOMINIQUE RASHAD FRAZIER,
Appellant

No. 05-19-00849-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F18-70781-I.
Opinion delivered by Chief Justice
Burns. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered April 15, 2020