**DISMISSED; Opinion Filed May 5, 2020**



In The

𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
𝕱𝖎𝖋𝖙𝖍 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕿𝖊𝖝𝖆𝖘 𝖆𝖙 𝕯𝖆𝖑𝖑𝖆𝖘

No. 05-19-01280-CR
No. 05-19-01281-CR

WILFIDO AVILA INTERIANO, Appellant
V.
THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F14-76579-P & F13-70127-P

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Myers

Wilfido Avila Interiano was charged with aggravated sexual assault of a child under six years of age and arson. On June 24, 2019, appellant signed "open" plea agreements with the State in which he judicially confessed to the offenses and waived his right to appeal in exchange for the State striking the "under six years of age" language from the aggravated sexual assault indictment. That same day, appellant appeared in open court and was admonished by the trial court, including the following:

> COURT: And in the case ending in '79, the Aggravated [Sexual] Assault of a Child, that actually – case had a higher

penalty range. However, your lawyer was able to talk to the State of Texas, and they were able to strike and waive some language.

APPELLANT:    Yes, ma'am.

COURT:    The State filed a motion to strike the language indicating that the victim was under 6 years old. And by striking that language, the range of punishment in this case, because it is a first-degree felony, your punishment can be anywhere from 5 years in the penitentiary all the way up to 99 years or life.

APPELLANT:    Yes, ma'am.

COURT:  If they would not have struck the language, you know the minimum would have been 25 years, correct?

APPELLANT:    Yes, ma'am.

     *                   *                  *

COURT:    And, lastly, if I enter into these plea agreements, which I do plan to do, I will accept these pleas. You do not have a right to appeal these cases.

APPELLANT:    Yes, ma'am.

Appellant then pleaded guilty to both offenses. On September 12, 2019, the trial court assessed punishment at sixteen years in prison in each case. One month later, appellant filed his notices of appeal.

On March 3, 2020, the trial court's certifications of appellant's right to appeal were filed. They state the cases are "not a plea-bargain case, and the defendant has the right of appeal." After reviewing the clerk's and reporter's record, the Court had concerns about the accuracy of the certifications and whether we had jurisdiction over the appeals. We asked the parties for jurisdictional letter briefs. Although

appellant did not respond, the State filed a letter brief agreeing that we lack jurisdiction.

Rule 25.2 provides:

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). If the State abandons or strikes enhancement language which would have increased the minimum term of imprisonment that the defendant could have received or agrees to a cap on punishment in exchange for a defendant's plea of guilty, the requirements of rule 25.2(a)(2) apply. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

Here, appellant signed plea agreements showing appellant waived his right to appeal in exchange for the State agreeing to drop the language in the aggravated sexual assault case that the victim was under 6 years of age. Each agreement states "If the punishment assessed does not exceed the agreement between [appellant] and the prosecutor, the Court must give its permission to you before you may appeal any matter in this case except for those matters raised by written motions prior to trial."

–3–

Each agreement also has a section entitled "DEFENDANT'S WAIVER OF RIGHTS AND JUDICIAL CONFESSION" that states appellant "[w]aives the right to appeal to the Court of Appeals." The trial court accepted appellant's guilty pleas and sentenced appellant to 16 years in prison in each case.

Although the trial court's certifications state these are not plea bargain cases and appellant has the right to appeal, we conclude, based on the record, the certifications are defective and should have indicated these were plea-bargain cases and appellant had no right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim App. 2005). Furthermore, the record shows there were no matters raised by written motion and ruled on before trial. Thus, appellant has no right to appeal under the rules. *See* TEX. R. APP. P. 25.2(a), (d).

We dismiss these appeals.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191280F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILFIDO AVILA INTERIANO, Appellant

No. 05-19-01280-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F14-76579-P. Opinion delivered by Justice Myers. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 5th day of May, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILFIDO AVILA INTERIANO, Appellant

No. 05-19-01281-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F13-70127-P. Opinion delivered by Justice Myers. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.


Judgment entered this 5th day of May, 2020.