**Opinion filed September 11, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00178-CR

_____

## SHAWN LYN CAFFEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 28930A**

## M E M O R A N D U M   O P I N I O N

Appellant entered into a plea agreement with the State. Pursuant to that plea agreement, Appellant pleaded guilty to the second-degree felony offense of possession of methamphetamine with intent to deliver and true to one enhancement allegation. The trial court assessed Appellant's punishment, in accordance with the terms of the plea agreement, at confinement for twelve years. We dismiss the appeal.

This court notified Appellant by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal. We received a pro se response from Appellant, urging that he was pressured into signing the plea bargain and complaining of the assistance of his counsel, and a response from Appellant's counsel indicating that Appellant entered into a plea bargain and has no right to appeal.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal reflect that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, and that he waived his right of appeal. The trial court certified that Appellant has no right of appeal. Both the plea agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must

dismiss this appeal without further action.  TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

PER CURIAM

September 11, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.