**Opinion filed October 16, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00202-CR
_____

## JAIME RAMIREZ-VALLES, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 22418B**

## M E M O R A N D U M   O P I N I O N

Appellant entered into a plea agreement with the State. Pursuant to that plea agreement, Appellant pleaded guilty to the third-degree felony offense of possession of methamphetamine and true to one enhancement allegation. The trial court assessed Appellant's punishment, in accordance with the terms of the plea agreement, at confinement for seven years. We dismiss the appeal.

This court notified Appellant by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R.

APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal, but we have not received a response from Appellant.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal reflect that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, and that he waived his right of appeal. The trial court certified that Appellant has no right of appeal. Both the plea agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

PER CURIAM

October 16, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.