**Dismiss and Opinion Filed June 7, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00310-CR**

**JASON KRIEG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1572241**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

Jason Krieg was convicted on January 13, 2021 of sexual assault of a child.

By letter dated March 25, 2021 and postmarked March 29, 2021, appellant indicated

he wished to appeal his conviction. That case was assigned appellate number 01-21-

00201-CR, and on April 29, 2021, was transferred from the First District Court of

Appeals in Houston to this Court under a docket equalization order from the Texas

Supreme Court.

After reviewing the clerk's record, this Court had questions regarding our

jurisdiction over the appeal and asked the parties to file jurisdictional letter briefs.

We noted that appellant waived his right to appeal when the trial court followed the

plea bargain agreement between appellant and the State. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). We also noted that appellant's notice of appeal was untimely. *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal case must be filed within thirty days of the day the trial court pronounces sentence or enters appealable order). To date, neither party has responded to this Court's request for jurisdictional briefing.

The appellate record shows appellant pleaded guilty in a plea bargain agreement in which the State agreed to abandon one of the two enhancement paragraphs alleged in the indictment and to waive its right to a jury trial. On January 13, 2021, the trial court accepted appellant's guilty plea, found him guilty, and assessed punishment at thirty-five years in prison, enhanced by the prior felony conviction. The trial court certified that appellant waived his right to appeal, appellant signed the certification, and the record supports that certification. *See Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.) (explaining that agreement to waive enhancement allegation in exchange for defendant agreeing to plead guilty constituted plea agreement that placed cap on punishment).

In addition, the record shows appellant's notice of appeal was untimely. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, a written notice of appeal showing his desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a), (b). Under the prisoner mailbox

rule, if a pro se inmate timely delivers a document to prison authorities for forwarding to the court clerk, the document is deemed filed when placed with prison officials for mailing. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Here, the record also shows appellant's notice of appeal, which was due on February 12, 2021, was filed on March 25, 2021. *See* TEX. R. APP. P. 26.2.

Under these circumstances, we dismiss this appeal.

210310f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON KRIEG, Appellant

No. 05-21-00310-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 338th District Court, Harris County, Texas
Trial Court Cause No. 157224101010.
Opinion delivered by Justice Nowell. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 7th day of June, 2021.

–4–