**DISMISS and Opinion Filed August 6, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-21-00332-CR

**SCOTT HARLAN RUBLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 070815**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

After Scott Harlan Ruble pleaded guilty to driving while intoxicated with two prior convictions for DWI, the trial court found him guilty and assessed punishment at eight years in prison, probated for four years. The trial court certified this was a plea-bargain case and appellant had no right of appeal.

After appellant filed a notice of appeal, we asked the parties for jurisdictional letter briefs addressing how the Court had jurisdiction. Appellant did not respond; the State filed a letter stating it agreed that we lack jurisdiction.

Rule 25.2 governs the perfection of appeals in criminal cases and requires that the trial court certify an appellant's right to appeal. TEX. R. APP. P. 25.2(a)(2). Rule

25.2 also requires the recitations in a certification to be true and supported by the record. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (certification not supported by record is defective); *Carender v. State*, 155 S.W.3d 929, 930–31 (Tex. App.—Dallas 2005, no pet.).

There are two basic kinds of plea bargains that affect punishment: (1) sentence bargaining and (2) charge bargaining. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended "cap" on sentences or recommendation for probation. *Id*. Sentence bargaining affects punishment and constitutes a plea bargain agreement under appellate rule 25.2. *Id*.

In this case, appellant signed a written plea bargain agreement in which the State agreed to cap punishment at eight years, in exchange for, among other things, appellant pleading guilty and waiving his right to appeal. The plea bargain agreement is signed by appellant, his appointed counsel, the representative for the State, and the trial court. In addition, appellant signed a separate document waving his right to file an appeal.

The trial judge admonished appellant in open court, stating "the State has agreed to cap the requested sentence at no more than eight years." He then asked appellant, "If I follow the recommendation, you have no right of appeal; do you understand?" Appellant replied, "Yes." The trial court then followed the plea bargain

agreement, sentenced appellant to eight years in prison, probated for four years, and certified appellant had no right of appeal.

Because appellant waived his right to appeal, we have no other alternative than to dismiss this appeal.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210332F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SCOTT HARLAN RUBLE,
Appellant

No. 05-21-00332-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas

Trial Court Cause No. 070815. Opinion delivered by Justice Partida-Kipness. Justices Myers and Garcia participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered August 6, 2021