**DISMISS and Opinion Filed November 2, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-00669-CR

**TIMOTHY WAYNE HIGH JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 071972**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

Timothy Wayne High Jr. appeals his conviction for engaging in organized criminal activity. After reviewing the clerk's record filed on October 4, 2021, we notified appellant and the State that we had concerns about the Court's jurisdiction over this appeal and asked for jurisdictional letter briefs. Specifically, we noted that the trial court certification stated this was not a plea bargain case and appellant had the right to appeal, but the record showed appellant entered into a plea bargain with the State.

The State responded, agreeing that we lack jurisdiction because appellant pleaded guilty and waived his right to appeal. Appellant argued he has the right to

appeal because (1) the trial court's certification states this is not a plea bargain and he has the right to appeal, (2) the trial court exceeded the punishment recommended by the prosecutor, and (3) appellant did not voluntarily, knowingly, or intelligently waive his right to appeal.

There are two basic kinds of plea bargains that affect punishment: (1) sentence bargaining and (2) charge bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended "cap" on sentences or recommendation for deferred adjudication community supervision. *Id*. Sentence bargains constitute plea bargain agreements under appellate rule 25.2. *Id*.

Rule 25.2 governs the perfection of appeals in criminal cases and requires that the trial court certify an appellant's right to appeal. TEX. R. APP. P. 25.2(a)(2). Under rule 25.2, an appellant in plea bargain cases is limited to appealing pretrial rulings on written motion unless the trial court grants permission to appeal. *Id*.

Although the trial court in this case certified that "the appeal is not a plea-bargain case, and the defendant has the right of appeal," rule 25.2 requires the recitations in a certification to be true and supported by the record. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (certification not supported by record is defective); *Carender v. State*, 155 S.W.3d 929, 930–31 (Tex. App.—Dallas 2005, no pet.). Here, the record shows appellant entered into a plea bargain agreement with the State in which he agreed to plead guilty to a second-degree

felony offense in exchange for the sentence being capped at fourteen years in prison. The agreement also stated appellant agreed he did not "have the right to appeal without permission of the court, except for those matters raised by written motions filed and presented to the Court prior to trial." In addition, appellant and his attorney signed a separate document, dated January 15, 2021, entitled "WAIVER OF MOTION FOR A NEW TRIAL WAIVER OF MOTION IN ARREST OF JUDGMENT WAIVER OF RIGHT TO APPEAL" in which stated he did not intend to appeal and waved his right to appeal.

The reporter's record was filed on October 27, 2021. At the January 15, 2021 hearing, the trial court admonished appellant on the punishment range, noted the agreement had a fourteen-year cap on punishment, and stated:

> I've got to tell you that I don't have to accept the plea. If I don't accept the plea, I'll allow you to withdraw the plea of guilty you're about to give and we'll set the case for jury trial. However, if I do accept your plea and I follow that plea and your punishment is not more than the plea agreement -- so, if I stay within the agreement of the plea agreement or less -- then you can appeal this only with my written consent. Do you understand that?

Appellant answered: "Yes, sir." He then pleaded guilty to the charged offense.

The case was continued in hearings on March 25, 2021 and April 8, 2021. At the conclusion of punishment, the trial court sentenced appellant to twelve years in prison and assessed $30,894.71 in restitution. The prosecutor then said, "Pursuant to my agreement, I'm going to dismiss the other – the 12 filed state jail felonies today,

as well as the filed misdemeanor." At the time appellant was sentenced, nothing was said about appellant's right to appeal.

As evidenced by the appellate record, appellant signed a plea bargain agreement in which the State agreed to a cap on punishment. In return, appellant agreed, among other things, to waive his right to appeal. *See Shankle*, 119 S.W.3d at 813. We conclude the trial court's certification in this case is defective, *see Dears*, 154 S.W.3d at 613, and appellant waived his right to appeal.

When an appellant waives his right to appeal as part of a plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," thereby depriving this Court of jurisdiction over the appeal. *Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014).

Under these circumstances, we dismiss this appeal.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210669F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TIMOTHY WAYNE HIGH JR., Appellant

No. 05-21-00669-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas

Trial Court Cause No. 071972. Opinion delivered by Justice Goldstein. Justices Molberg and Smith participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered November 2, 2021