**Opinion filed March 10, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00030-CR

_____

## BOBBY JACKSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15006-D**

### M E M O R A N D U M   O P I N I O N

Appellant, Bobby Jackson, entered into a plea agreement with the State. Pursuant to that plea agreement, Appellant pleaded guilty to the third-degree felony offense of possession of methamphetamine, and the State waived one of the enhancement allegations and dismissed another pending charge. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2021). The trial court assessed Appellant's punishment, in accordance with the terms of the plea

agreement, at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a pro se notice of appeal and a motion for extension of time in which to file his notice of appeal. We grant Appellant's motion for extension, but we nevertheless dismiss the appeal.

This court notified Appellant and his court-appointed trial attorney by letter that his notice of appeal was untimely and that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d), 26.2; *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal, and we notified him of the due date for a motion for extension of time with respect to his notice of appeal. Appellant subsequently filed a timely motion for extension of time in this court; in his motion, Appellant explained his desire to appeal and asserted that his trial counsel had performed in a deficient manner.

In a plea bargain case, Rule 25.2 of the Texas Rules of Appellate Procedure limits a criminal defendant's right to appeal. Rule 25.2 provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Rule 25.2 also provides that, in the absence of the trial court's certification showing that the defendant has a right of appeal, the appeal "must be dismissed." TEX. R. APP. P. 25.2(d). We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

Here, Appellant did not obtain the trial court's permission to appeal. And although the trial court denied Appellant's pretrial motion to suppress, we observe that (1) the plea papers show that Appellant waived his right of appeal and (2) the trial court's certification specifically states that Appellant has no right of appeal "including pre-trial." Thus, the documents on file in this appeal show that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, that he waived his right of appeal, and that he has no right of appeal. Both the plea agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

## *This Court's Ruling*

We grant Appellant's motion for extension of time to file his notice of appeal. Having granted that motion, we dismiss the appeal pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure.

PER CURIAM

March 10, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.