

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00163-CR

———————————————

DONNIE EARL PHILLIPS, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1735446

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Donnie Earl Phillips, Jr., proceeding pro se, attempts to appeal his felony conviction for driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2). Pursuant to a plea bargain, Appellant pled guilty to that offense in exchange for the State's offering eight years' confinement and waiving a deadly-weapon finding and a habitual-offender allegation.[1] The trial court sentenced Appellant in accordance with that agreement. Under the written plea admonishments that were signed by Appellant, he waived his right to appeal. Specifically, through those written plea admonishments, Appellant stated, "I give up and waive any and all rights of appeal in this case." He also stated, "I give up and waive all pretrial motions that may have been filed in my case." Consistent with Appellant's plea-bargain agreement, the trial court's certification of Appellant's right of appeal reflects that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

After receiving a copy of Appellant's notice of appeal, we notified Appellant that we had received the trial court's certification stating that this is a plea-bargain case and that he had waived the right of appeal. We warned him that this appeal could be

---

[1]The State proceeded on a repeat-offender allegation instead of the habitual-offender allegation, so Appellant faced a punishment range of two to twenty years' confinement instead of twenty-five to ninety-nine years' confinement. *See* Tex. Penal Code Ann. §§ 12.33(a), .42(a), (d); *Johns v State*, No. 02-14-00233-CR, 2015 WL 1868822, at *1 n.3 (Tex. App.—Fort Worth Apr. 23, 2015, pet. ref'd) (mem. op., not designated for publication). This agreed reduction in the range of punishment qualified as a plea bargain. *See Johns*, 2015 WL 1868822, at *1 n.3 (citing *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.)).

dismissed unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3. We have received no response.[2]

In accordance with the trial court's certification, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Hubatch v. State*, No. 02-22-00153-CR, 2022 WL 4105417, at *1 (Tex. App.—Fort Worth Sept. 8, 2022, no pet.) (mem. op., not designated for publication); *Johns*, 2015 WL 1868822, at *1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 28, 2023

---

[2]On August 16, 2023, we received a document from Appellant titled, "Notice of Interlocutory Appeal," which purports to challenge certain pretrial rulings and reiterates Appellant's appeal of his conviction. It appears to be a copy of a document that Appellant had previously filed on July 11, 2023. To the extent that Appellant intended this to be a response to our notice, it does not show grounds for continuing the appeal.