**Opinion filed June 13, 2024**



In The

# Eleventh Court of Appeals

—————

## Nos. 11-24-00087-CR, 11-24-00088-CR, & 11-24-00089-CR

—————

**TEREL DEVON HOUSTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause Nos. 16720, 16722, & 16916**

### M E M O R A N D U M   O P I N I O N

On March 13, 2024, Appellant, Terel Devon Houston, pleaded guilty to three felony offenses: two possession-of-a-controlled-substance offenses and one theft-of-a-firearm offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West Supp. 2023); TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(C) (West Supp. 2023). Pursuant to plea bargain agreements between Appellant and the State, the trial court sentenced Appellant to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice for the possession offenses and 180 days' confinement in the State Jail Division of the Texas Department of Criminal Justice

for the theft-of-a-firearm offense. The trial court ordered that Appellant's sentences be served concurrently. Appellant filed a pro se notice of appeal from the trial court's judgments.[1] We dismiss the appeals.

When these appeals were docketed, we notified Appellant in each case that the trial court had certified that (1) this is a plea bargain case in which Appellant has no right of appeal, and (2) Appellant had waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue these appeals, but we have not received a response.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* CRIM. PROC. art. 44.02. Subsections (A), (B), and (C) are not applicable here. We further note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of his plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file show that, in each case, Appellant entered into a plea bargain agreement, his punishment was assessed by the trial court in accordance with the plea bargain agreement, and he waived his right of appeal. Further, in each case, the trial court certified that Appellant has no right of appeal and that he waived this right. The trial court's certifications were signed by Appellant, Appellant's trial

---

[1]We note that, while Appellant listed all three trial court cause numbers in his pro se notice of appeal, he only requested an appeal of the ten-year sentence he "gained through a plea bargain on March 13, 2024."

counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss these appeals without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss these appeals.


W. STACY TROTTER

JUSTICE


June 13, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.