**Opinion filed July 18, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00162-CR & 11-24-00163-CR

_____

## TYRON DYERALLE DAVIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause Nos. 16816 & 16817**

## M E M O R A N D U M   O P I N I O N

Appellant, Tyron Dyeralle Davis, pleaded guilty to two possession-of-methamphetamine offenses, each enhanced to a first-degree felony based on his plea of "true" to the State's enhancement allegation. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2023); TEX. PENAL CODE ANN. § 12.42(b) (West 2019). Pursuant to a negotiated plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice in each case and

ordered that Appellant's sentences be served concurrently. Appellant filed a pro se notice of appeal from the trial court's judgments. We dismiss the appeals.

When these appeals were docketed, we notified Appellant that, in each case, the trial court had certified that (1) this is a plea bargain case in which Appellant has no right of appeal, and (2) Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue these appeals. Appellant has responded, but he has not shown grounds upon which these appeals may continue.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* CRIM. PROC. art. 44.02. Subsections (A), (B), and (C) are not applicable here.[1] We further note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of his plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file show that, in each case, Appellant entered into a plea bargain agreement, his punishment was assessed by the trial court in accordance with the parties' agreement, and he waived his right of appeal. Further, in each case, the trial court certified that Appellant has no right of appeal and that he waived this right.

---

[1]To the extent that Appellant states that he appeals the trial court's "rulings" on his pro se motions that he filed while represented by court-appointed counsel, it does not appear from his response or the documents on file with this court that the trial court ruled on the pro se motions. *See* TEX. R. APP. P. 25.2(a)(2).

The trial court's certifications were signed by Appellant, Appellant's trial counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss these appeals without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss these appeals.


W. STACY TROTTER

JUSTICE


July 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.