**Opinion filed August 13, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00156-CR
_____

## ANGELICA MARIA HARDEN A/K/A ANGELICA MARIA LOPEZ A/K/A ANGELICA HARDEN A/K/A ANGELICA LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 22427B**

## M E M O R A N D U M   O P I N I O N

Appellant entered into a plea agreement with the State.  Pursuant to that plea agreement, Appellant pleaded guilty to the offense of aggravated assault and true to an enhancement allegation.  The trial court assessed Appellant's punishment, in

accordance with the terms of the plea agreement, at confinement for thirty years. We dismiss the appeal.

This court notified Appellant by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which she asserts that her plea was not free and voluntary because trial counsel frightened her into accepting the State's offer.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal reflect that Appellant entered into a plea bargain, that her punishment was assessed in accordance with the plea bargain, and that she waived her right of appeal. The trial court certified that Appellant has no right of appeal. Both the plea agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must

dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

PER CURIAM

August 13, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.