**Opinion filed January 27, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00261-CR

_____

**DAVID EUGENE WEIR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15051-D**

## M E M O R A N D U M   O P I N I O N

Appellant, David Eugene Weir, entered into a plea agreement with the State. Pursuant to that plea agreement, Appellant pleaded guilty to the offense of theft, and the State waived two enhancement paragraphs. *See* TEX. PENAL CODE ANN. §§ 31.03(b)(2), (c)(3)(A) (West 2019). The trial court assessed Appellant's punishment, in accordance with the terms of the plea agreement, at confinement in

the county jail for twenty-nine days. Appellant filed a pro se notice of appeal. We dismiss the appeal.

This court notified Appellant and his court-appointed attorney by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal. We have received a pro se response from Appellant as well as a response from Appellant's court-appointed appellate counsel. Neither response provides any grounds upon which this appeal may be continued.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal reflect that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, and that he waived his right of appeal. The trial court certified that Appellant has no right of appeal. Both the plea agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must

dismiss this appeal without further action.  TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

PER CURIAM

January 27, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.