**Opinion filed September 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00226-CR

_____

### JEANNE MARIE LUSTIG, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. C-20-0836-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Jeanne Marie Lustig, entered into a plea agreement with the State. Pursuant to that plea agreement, Appellant pleaded guilty to the state jail felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021). In accordance with the terms of the plea agreement, the trial court deferred the adjudication of guilt and placed Appellant on deferred adjudication community supervision for two years. Appellant filed a notice

of appeal in which she complains that the trial court erred "when it unilaterally added unnegotiated terms to the plea-bargain agreement" by imposing confinement and treatment in a substance abuse felony punishment facility as terms of Appellant's community supervision. We dismiss the appeal.

This court notified Appellant by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal. Appellant filed a response in which she set forth the following: (1) a condition requiring drug abuse treatment was not contemplated by Appellant or the State when they entered the plea agreement; (2) the trial court accepted the plea agreement and agreed to be bound by it; (3) the trial court did not properly admonish Appellant as to the conditions of confinement that it could impose; (4) the trial court unilaterally added a term to the agreement without providing Appellant an opportunity to withdraw her plea; (5) the trial court abused its discretion by failing to follow the "continuum of drug treatment programs available"; and (6) Appellant's guilty plea was involuntary. We are unable to consider the merits of Appellant's contentions at this time. Appellant has not provided this court with any grounds upon which this appeal may be continued.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea—unless the defendant has obtained the trial court's permission to appeal.

*See Griffin v. State*, 145 S.W.3d 645, 648 (Tex. Crim. App. 2004); *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal reflect that Appellant entered into a plea bargain and that her punishment was assessed in accordance with the plea bargain. The trial court certified that Appellant has no right of appeal. Both the plea agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

PER CURIAM

September 8, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.