**Opinion filed January 19, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00345-CR

_____

## JESUS DANIEL HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR56108**

### M E M O R A N D U M   O P I N I O N

Appellant, Jesus Daniel Hernandez, entered into a plea agreement with the State. Pursuant to that plea agreement, Appellant pled guilty to the second-degree felony offense of burglary of a habitation, pled true to an enhancement allegation, and waived his right to appeal. *See* TEX. PENAL CODE ANN. § 30.02 (West 2019). The trial court assessed Appellant's punishment, in accordance with the terms of the plea agreement, at confinement for five years in the Institutional Division of the

Texas Department of Criminal Justice. Appellant filed a pro se notice of appeal. We dismiss the appeal.

This court notified Appellant and his court-appointed trial attorney by letter that the trial court had certified that Appellant waived his right of appeal and that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal. Appellant subsequently filed a timely response, asserting that he had filed pretrial motions that were not ruled upon and that he had filed a motion to quash the indictment, which he claims was erroneously denied by the trial court. In his response, Appellant also requested a bond, mandamus relief regarding jail-time credit,[1] and habeas relief.

In a plea bargain case, Rule 25.2 of the Texas Rules of Appellate Procedure limits a criminal defendant's right to appeal. Rule 25.2 provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Rule 25.2 also provides that, in the absence of the trial court's certification showing that the defendant has a right of appeal, the appeal "must be dismissed." TEX. R. APP. P. 25.2(d). We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain—unless the defendant has obtained the trial court's permission

---

[1]We note that, if Appellant is entitled to additional jail-time credit, the appropriate means for Appellant to obtain such relief is to file in the trial court a motion for a nunc pro tunc judgment. *See Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004).

to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

Here, Appellant did not obtain the trial court's permission to appeal. And even if the trial court did deny Appellant's pretrial motion to quash, we observe that (1) the plea papers show that Appellant waived his right of appeal and (2) the trial court's certification specifically states that Appellant has no right of appeal. Thus, the documents on file in this appeal show that Appellant entered into a plea bargain, that his punishment was assessed in accordance with the plea bargain, that he waived his right of appeal, and that he has no right of appeal. The plea agreement, the waiver of any right to appeal, and the trial court's certification were each signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

*This Court's Ruling*

We dismiss the appeal pursuant to Rule 25.2 of the Texas Rules of Appellate Procedure.

PER CURIAM

January 19, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.