**Opinion filed August 24, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00132-CR

_____

**MICHAEL ANTHONY PAREDES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 30426-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Michael Anthony Paredes, entered into a plea agreement with the State whereby Appellant pleaded guilty to the second-degree felony offense of assault family violence. *See* TEX. PENAL CODE ANN. § 22.01(b-3) (West Supp 2022). In accordance with the terms of the negotiated plea agreement, the trial court sentenced Appellant to five years' imprisonment in the Institutional Division of the

Texas Department of Criminal Justice. Appellant filed a notice of appeal. We dismiss the appeal.

This court notified Appellant by letter that, in its certification of Appellant's right to appeal, the trial court certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal, but we have not received a response from Appellant.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to in the plea bargain agreement, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are inapplicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal show that Appellant negotiated a plea bargain agreement with the State, that his punishment was assessed in accordance with the term of the plea bargain, and that he waived his right of appeal. The trial court certified that Appellant has no right of appeal. Both the plea bargain agreement and the trial court's certification were signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App.

2005).  Accordingly, we must dismiss this appeal without further action.  TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.


W. STACY TROTTER

JUSTICE


August 24, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.