**Opinion filed November 30, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00241-CR

_____

**KRISTEN LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 14497-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Kristen Lopez, originally pleaded guilty to the third-degree felony offense of possession of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West Supp. 2023). The trial court deferred the adjudication of Appellant's guilt and placed her on community supervision for six years. The State subsequently filed a motion to adjudicate that alleged that Appellant committed thirteen violations of the conditions of her community supervision. At the hearing

on the motion, Appellant pled true to each of the allegations, and the trial court found the allegations to be true. Pursuant to a plea bargain agreement, Appellant was sentenced to imprisonment for four years in the Institutional Division of the Texas Department of Criminal Justice. Thereafter, Appellant filed a pro se notice of appeal. We dismiss the appeal.

This court notified Appellant by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond and show grounds to continue the appeal. Appellant's court-appointed counsel filed a response and confirmed that this is a plea bargain case, and that Appellant waived her right to appeal. Appellant's counsel stated that there are no grounds to continue Appellant's direct appeal.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal reflect that Appellant entered into a plea bargain, that her punishment was assessed in accordance with the plea bargain, and that she waived her right of appeal. The trial court certified that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the judge of the trial court. The documents on file in this court

support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.


JOHN M. BAILEY
CHIEF JUSTICE


November 30, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.