**Opinion filed November 30, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00198-CR

_____

### DANIELLE CAUDILLO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 29549A**

### M E M O R A N D U M   O P I N I O N

Appellant, Danielle Caudillo, pleaded guilty to the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2023). Pursuant to a plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice, suspended that sentence, and placed Appellant on community supervision for ten years. Appellant filed an untimely notice of appeal challenging the sentence she received based on the plea agreement. We dismiss the appeal.

We notified Appellant by letter that her pro se notice of appeal appeared to be untimely, and that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d), 26.2(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In our letter, we requested that Appellant respond and show grounds to continue the appeal. Appellant's counsel filed a response that confirms that this is a plea bargain case and that there are no grounds to continue the appeal. Appellant's counsel also filed a motion to withdraw in this court and in the trial court.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Appellant did not file a motion for new trial and Appellant filed her pro se notice of appeal more than thirty days after her sentence was imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Furthermore, Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal

matters related to the voluntariness of the plea bargain unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal show that Appellant entered into a plea bargain, that her punishment was assessed by the trial court in accordance with the plea bargain, and that she waived her right of appeal. Further, the trial court certified that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Thus, even if Appellant had timely perfected an appeal, the appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

We grant the motion to withdraw filed in this court and dismiss the appeal.


W. STACY TROTTER

JUSTICE


November 30, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.