Opinion filed April 11, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00055-CR

_____

## JERMIAH JOSEPH DELAO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-20-0904-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Jermiah Joseph Delao, pleaded guilty to the first-degree felony offense of aggravated kidnapping. *See* TEX. PENAL CODE ANN. § 20.04(a), (c) (West 2019). Pursuant to a plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years. Appellant filed an untimely notice of appeal. We dismiss the appeal.

When this appeal was docketed, we notified Appellant by letter that his pro se notice of appeal appeared to be untimely and that the trial court had certified that (1) this is a plea bargain case in which Appellant has no right of appeal and (2) Appellant had waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d), 26.2(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In our letter, we requested that Appellant respond and show grounds to continue the appeal. Appellant has responded, but he has not shown grounds upon which this appeal may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Appellant waived his right to file a motion for new trial, did not file a motion for new trial, and filed his pro se notice of appeal more than thirty days after his sentence was imposed. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time,[1] we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

---

[1]Appellant's pro se response includes a motion for extension of time to file the notice of appeal. Appellant's notice of appeal was due on September 1, 2022. *See* TEX. R. APP. P. 26.2(a)(1). Therefore, any motion to extend the deadline to file a notice of appeal was due on September 18, 2022. *Id.* R. 26.3. To the extent his motion could be construed as a request that we grant him an out-of-time appeal, we are not authorized to grant such a request. The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Furthermore, Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal show that Appellant entered into a plea bargain, that his punishment was assessed by the trial court in accordance with the plea bargain, and that he waived his right of appeal. Further, the trial court certified that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Thus, even if Appellant had timely perfected an appeal, the appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.


JOHN M. BAILEY

CHIEF JUSTICE


April 11, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.