Opinion filed May 9, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00078-CR

_____

## RICK EARL LEWIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-21-1775-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Rick Earl Lewis, pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West Supp. 2023). Pursuant to a plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal

Justice on August 26, 2022. Appellant filed an untimely notice of appeal from the trial court's judgment of conviction. We dismiss the appeal.

When this appeal was docketed, we notified Appellant by letter that his pro se notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant respond and show grounds to continue the appeal. Appellant's counsel filed a response that confirms that (1) the appeal is untimely, (2) this is a plea bargain case, (3) Appellant waived his right to appeal, and (4) there are no grounds to continue the appeal.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. *Id.* A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Appellant did not file a motion for new trial, and Appellant filed his pro se notice of appeal more than thirty days after his sentence was imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Furthermore, Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does

not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal show that Appellant entered into a plea bargain, that his punishment was assessed by the trial court in accordance with the plea bargain, and that he waived his right of appeal. Further, the trial court certified that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Thus, even if Appellant had timely perfected an appeal, his appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears*, 154 S.W.3d at 613–14.

Accordingly, we dismiss the appeal.


W. STACY TROTTER

JUSTICE


May 9, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.