**Opinion filed February 27, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00316-CR

_____

## SHAUN RUSSELL CONLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-21-1162-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Shaun Russell Conley, pleaded guilty to the first-degree felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (e) (West 2019). Pursuant to a plea bargain agreement between Appellant and the State, the trial court sentenced Appellant on December 15, 2022 to confinement for twenty years in the Institutional Division of the Texas

Department of Criminal Justice. Appellant filed an untimely notice of appeal from the trial court's judgment of conviction. We dismiss the appeal.

We notified Appellant by letter that his pro se notice of appeal appeared to be untimely and that the appeal may be dismissed. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant's counsel respond and show grounds to continue the appeal. Neither Appellant nor his counsel has filed a response.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. *Id.* Appellant filed his pro se notice of appeal over two years after his sentence was imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Furthermore, Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal show that Appellant entered into a plea bargain agreement and that the trial court assessed his punishment in accordance with that plea bargain agreement. Further, the trial court certified that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Thus, even if Appellant had timely perfected an appeal, his appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears*, 154 S.W.3d at 613–14.

Accordingly, we dismiss the appeal.


JOHN M. BAILEY
CHIEF JUSTICE


February 27, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.