**Opinion filed February 27, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00017-CR

_____

## JOHN HARVEY SEXTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 25101**

## M E M O R A N D U M   O P I N I O N

Appellant, John Harvey Sexton, originally pleaded guilty to the second-degree felony offense of sexual assault. *See* TEX. PENAL CODE ANN. § 22.011(a)(1), (f) (West Supp. 2024). The trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for ten years. The State subsequently filed a motion to adjudicate alleging that Appellant committed violations of the conditions of his community supervision. Appellant pled "true" to the allegations, and the trial

court found the allegations to be "true." Pursuant to a plea bargain agreement, Appellant was sentenced to imprisonment for fifteen years in the Institutional Division of the Texas Department of Criminal Justice. Thereafter, Appellant filed a pro se notice of appeal. We dismiss the appeal.

When this appeal was docketed, we notified Appellant by letter that his pro se notice of appeal appeared to be untimely and that the appeal may be dismissed. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant respond and show grounds to continue the appeal. Appellant has not filed a response.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. *Id.* Appellant filed his pro se notice of appeal in January 2025, over a year after his sentence was imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Furthermore, Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). Subsections (A), (B), and (C) are not applicable here. We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea unless the defendant has obtained the trial court's permission to appeal.

2

*See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file in this appeal show that Appellant entered into a plea bargain agreement, that the trial court assessed his punishment in accordance with that plea bargain agreement, and that Appellant waived his right of appeal. Further, the trial court certified that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge of the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

Thus, even if Appellant had timely perfected an appeal, his appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears*, 154 S.W.3d at 613–14.

Accordingly, we dismiss the appeal.

W. BRUCE WILLIAMS
JUSTICE

February 27, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.