**Opinion filed July 31, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00163-CR

_____

## WILLIAM LEWIS ARNETT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C240559CR**

## M E M O R A N D U M   O P I N I O N

Appellant, William Lewis Arnett, pleaded guilty to the second-degree felony offense of arson of a building.  *See* TEX. PENAL CODE ANN. § 28.02(a), (d) (West 2019).  Pursuant to a plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal from the trial court's judgment.  We dismiss the appeal.

When this appeal was docketed, we notified Appellant that the trial court had certified that (1) this is a plea bargain case in which Appellant has no right of appeal,

and (2) Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In our letter, we requested that Appellant's counsel respond and show grounds to continue the appeal. The trial court subsequently permitted Appellant's trial counsel to withdraw and appointed new counsel to represent him in this appeal. We notified Appellant's new counsel that a response was due and extended the deadline for him to file a response. Appellant's counsel has not filed a response.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* CRIM. PROC. art. 44.02. Subsections (B) and (C) are not applicable here.

To the extent that Appellant attempts to appeal matters that were raised by pro se pretrial motions, and to the extent Appellant had any right to appeal such motions, Appellant specifically waived his right to appeal. The waiver is signed by Appellant, his trial counsel, and the presiding judge. In the signed document, the trial court stated that Appellant's appellate rights were explained to him by both Appellant's trial counsel and the trial court, and the trial court specifically found that Appellant understood the consequences of waiving his rights, and voluntarily, knowingly, and intelligently waived such rights.

We further note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of his plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.— Dallas 2005, no pet.).

The documents on file show that Appellant entered into a plea bargain agreement, his punishment was assessed by the trial court in accordance with the parties' agreement, and he waived his right of appeal. Further, the trial court certified that Appellant has no right of appeal and that he waived this right. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.


JOHN M. BAILEY

CHIEF JUSTICE


July 31, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.