**Opinion filed March 26, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00381-CR

_____

### KEVIN DUANE OWENS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR30642**

### M E M O R A N D U M   O P I N I O N

Appellant, Kevin Duane Owens, pleaded guilty to the third-degree felony offense of evading arrest or detention with a vehicle. TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2025). Pursuant to a negotiated plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for eight years. Appellant filed a motion for new trial challenging the voluntariness of his guilty plea and a motion for permission to appeal the trial court's judgment. Appellant also filed a notice of appeal. We dismiss the appeal.

The trial court's certification shows that this is a plea bargain case and that Appellant does not have the right of appeal. As a result, we notified Appellant that the trial court's certification reflected that Appellant did not have the right of appeal, requesting Appellant's counsel to respond and show grounds to continue the appeal and informing him that the appeal was subject to dismissal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). Appellant's counsel responded that the motion for new trial and the motion for permission to appeal were set for a hearing on February 17, 2026, and he requested that we "make no decisions" regarding the dismissal of the appeal until after the hearing.

Following the hearing, the trial court denied Appellant's motions and denied his request to "reinstate [Appellant's] right to appeal." We again requested a response from Appellant's counsel, informing him that the appeal was subject to dismissal. Appellant's counsel has not filed a response.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* CRIM. PROC. art. 44.02. The trial court denied Appellant's request for permission to appeal, and an appeal is not authorized by statute in this circumstance; therefore, subsections (B) and (C) are not applicable here. Further, Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of his plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

2

The documents on file show that Appellant entered into a plea bargain agreement, his punishment was assessed by the trial court in accordance with the agreement, and the trial court denied his request for permission to appeal.[1]  Further, the trial court certified that this is a plea bargain case and that Appellant has no right of appeal.  The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).  Accordingly, we must dismiss this appeal without further action.  TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.


W. STACY TROTTER

JUSTICE


March 26, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]The documents on file also show that in the appeal waiver that: Appellant waived his right of appeal, the trial court certified that the case was a plea bargain case, Appellant has no right of appeal, Appellant voluntarily, knowingly and intelligently waived his right of appeal, Appellant understood the consequences of the waiver, and the waiver was accepted by the trial court.  The waiver is signed by the trial court and Appellant.