**Opinion filed April 9, 2026**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-26-00090-CR

_____

## BOBBIE HALL WOOLDRIDGE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 31714-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Bobbie Hall Wooldridge, pleaded guilty to the third-degree felony offense of possession of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2025). Pursuant to a negotiated plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for three years. Appellant filed a pro se notice of appeal from the trial court's judgment. We dismiss the appeal.

When this appeal was docketed, we notified Appellant that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In our letter, we requested that Appellant's counsel respond and show grounds to continue the appeal. Appellant's counsel responded and confirmed that "there do[es] not appear to be any grounds to continue this appeal."

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see also* CRIM. PROC. art. 44.02. Subsections (A), (B), and (C) are not applicable here. Further, Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of his plea unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

The documents on file show that Appellant entered into a plea bargain agreement, and the trial court assessed his punishment in accordance with the parties' agreement. Further, the trial court certified that this case is a plea bargain case, and that Appellant has no right of appeal. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must

dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.


W. STACY TROTTER

JUSTICE


April 9, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.